Opinion issued June 11, 2009










In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00887-CR




LATONYA MONIQUE POLK, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 1052495


 

MEMORANDUM OPINION
          Appellant, LaTonya Monique Polk, pleaded guilty, without an agreed
punishment recommendation, to an indictment charging that she engaged in the
organized criminal activity of theft of property valued at $20,000 or more, but less
than $100,000. See Tex. Penal Code Ann. §§ 31.03(a), (b)(1), (e)(5), 71.02(a)(1)
(Vernon Supp. 2008). The trial court found appellant guilty and assessed punishment
at 6 years in prison. Appellant’s appointed counsel has filed an Anders brief.



Background
          Appellant was indicted for engaging in organized theft. Appellant was an
employee of Compass Bank, and she gave checks to Kadarrell Freemen, who then
fraudulently passed the checks to commit approximately $119,000 in retail theft. 
Appellant pleaded guilty without an agreed recommendation and requested that she
be placed on community supervision. The trial court accepted appellant’s guilty plea
and ordered a presentencing investigation.
          Appellant testified at the sentencing hearing and asked the trial court to give
her community supervision. During direct examination, appellant’s lawyer asked her,
“Why do you think the Court should give you community supervision?” Appellant
responded, “I feel that I deserve this because I have three sons that need me and I’m
all that they have. I’m all that they know. I have always been there for my kids, and
I don’t feel like nobody else can take care of my kids the way I do. And another
reason is that I realize what I did was wrong, and it’s no way that I will go back and
do myself like this again or my kids or my loved ones that’s around me. That’s why
I feel like I deserve a second chance.” In its cross-examination, the State emphasized
appellant’s comment that she “deserved” community supervision, and the trial court
at sentencing said that appellant “just doesn’t seem to understand what a serious
offense this is.”
                                                         Discussion
          Appellant’s appointed counsel on appeal has filed an Anders brief, stating that
she has found no arguable points of error to raise on appeal and moving to withdraw
as counsel. See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). The brief
meets the requirements of Anders by presenting a professional evaluation of the
record and detailing why there are no arguable grounds for reversal. Id. at 744, 87
S. Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810 (Tex. Crim. App. 1978). 
Appellant has filed a pro se response to the Anders brief, in which she alleges that she
received ineffective assistance of counsel because she claims her lawyer guaranteed
she would receive community supervision if she pleaded guilty and agreed to a
presentence investigation. Appellant did not file a motion for new trial to provide an
evidentiary basis for her ineffective-assistance-of-counsel claim, and there is
otherwise no evidence to support her claim.
          A court of appeals has two options when an Anders brief and a subsequent pro
se response are filed. Upon reviewing the entire record, it may determine (1) that the
appeal is wholly frivolous and issue an opinion explaining that it finds no reversible
error or (2) that there are arguable grounds for appeal and remand the cause to the
trial court for appointment of new appellate counsel. Bledsoe v. State, 178 S.W.3d
824, 826–27 (Tex. Crim. App. 2005).
          We have carefully reviewed the entire appellate record. We conclude that there
is no reversible error and that the appeal is wholly frivolous. See id.

          We affirm the judgment and grant counsel’s motion to withdraw.



 
 
                                                             Jim Sharp
                                                             Justice

Panel consists of Justices Bland, Sharp, and Taft.




Do not publish. Tex. R. App. P. 47.2(b).